IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WESLEY TODD FITTRO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-cv-03058-MDH |
| | ) | |
| ABS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's pro se Motion to Reopen Contempt for Judgment (Doc. 41) and pro se Motion for Judgment in Full Relief from the State (Doc. 42). On September 4, 2019, the Court granted defendants' motion for judgment on the pleadings and dismissed defendants Christian County, Amy Fite, Sheriff Cole, and Deputy Hook. (Doc. 29). On October 24, 2019, the Court denied Plaintiff's Motion for Contempt—wherein Plaintiff requested the Court hold defendants in contempt for not following the scheduling order and tampering with witnesses—on the grounds that Plaintiff's allegations were "alternately nonsensical or lacking any evidentiary basis." (Doc. 35). In the October 24, 2019 order, the Court additionally dismissed the final remaining defendant, "ABS", due to Plaintiff's failure to serve ABS within the time allowed under Fed. R. Civ. P. 4(m) and failure to show cause. *Id*. On January 21, 2020, the Court denied Plaintiff's Motion to Reconsider Contempt and Motion to Reconsider Withdrawal of "ABS". (Doc. 40).

Plaintiff once again asks this Court to reconsider the dismissal of "ABS". (Doc. 41). Plaintiff alleges that Barbara Stillings is "ABS" and that Stillings thwarted service of ABS. As the Court explained in its May 16, 2019 order quashing the summons served upon Stillings, Plaintiff

1

was required to fulfill the requirements of Fed. R. Civ. P. 4(a)(1)(B). (Doc. 9). Under Rule 4(a)(1)(B), a summons must be directed to a defendant in an action. Barbara Stillings has never been named as a defendant in this action, and Plaintiff refused to remedy his service to "ABS", even after the Court advised him of the defects in process. Because Plaintiff failed to satisfy Fed. R. Civ. P. Rule 4 broadly and has not presented any legal argument to the Court that would suggest the Court's ruling was improper, Plaintiff's Motion to Reopen Contempt (Doc. 41) is **DENIED**. Plaintiff furthermore requests "Judgment in Full Relief From the State". (Doc. 42), Plaintiff does not put forth any argument, legal or otherwise, as to why he is entitled to judgment. Accordingly, Plaintiff's Motion for Judgment (Doc. 42) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 22, 2021 　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Douglas Harpool
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 **DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 **United States District Judge**